IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Jun 20, 2024

IN RE:

BYNO SALSMAN,

    Debtor.

Case No. 22-11007-M
Chapter 7

CROOCH BROTHERS, LLC, and
JERRY GIBBENS,

    Plaintiffs,

v.

BYNO SALSMAN,

    Defendant.

Adversary No. 23-01002-M

## MEMORANDUM OPINION

Silence has consequences, many of which are less than golden. This matter comes before the Court on Plaintiff's Motion for Summary Judgment (the "Motion"),[1] filed by Crooch Brothers, LLC ("Crooch Brothers") and Jerry Gibbens ("Gibbens") (collectively, "Plaintiffs"). The Motion seeks a determination that Byno Salsman ("Defendant") is not entitled to a discharge for failure to maintain books and records pursuant to § 727(a)(3).[2] Defendant did not file a response to the Motion. The Court, having fully reviewed the matter, finds that no genuine issues of material fact exist in this case and grants judgment in favor of the Plaintiffs as a matter of law.

---

[1] ECF No. 28.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Plaintiffs filed this adversary proceeding pursuant to § 523(a)(2) and (4) and § 727(a)(3). *See* Second Amended Complaint and Objection to Discharge of Debt, at ECF No. 8. The Motion only seeks judgment pursuant to § 727(a)(3).

## Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this adversary proceeding is proper pursuant to 28 U.S.C. § 157(a). The decision whether to grant or deny a discharge is a "core" proceeding as defined by 28 U.S.C. § 157(b)(2)(J).

## Summary Judgment Standard

The United States Court of Appeals for the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id*. Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quotation omitted).[3]

When the nonmoving party fails to respond to a movant's assertion of fact, the Court may "consider the fact undisputed for purposes of the motion."[4] Nonetheless, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of

---

[3] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).
[4] Fed. R. Civ. P. 56(e)(2), made applicable to this proceeding by Fed. R. Bank. P. 7056. *See also* Bankr. N.D. Okla. Local Rule 7056-1(B) ("All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.").

demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[5]

## Background

Crooch Brothers is a limited liability company registered to do business in Oklahoma. Gibbens is an individual and resident of Oklahoma. The present dispute stems from Defendant's cultivation of medical marijuana on Plaintiffs' property. After some disagreement and negotiation regarding the terms of the land-lease relationship, the parties entered into a Confidential Settlement & Release Agreement (the "Agreement") dated Oct. 31, 2019.[6] The Agreement obligated Defendant to pay $300,000 to Plaintiffs for the use of their property for the cultivation of a crop of medical marijuana and to execute a promissory note documenting same. Defendant never made any payments under the Agreement or the note. Plaintiffs subsequently filed suit in Tulsa County District Court, Case No. CJ-2020-510, to collect under the Agreement. That litigation was stayed by the filing of Defendant's present bankruptcy case.[7] This adversary proceeding followed.

At the times relevant to this proceeding, Ganj Science, LLC ("Ganj Science") and Green Finger Farms, LLC ("Green Finger Farms") were Oklahoma companies licensed as "growers" by the Oklahoma Medical Marijuana Authority ("OMMA"), a division of the Oklahoma State

---

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).
[6] Ex. No. 1, ECF No. 28-1.
[7] Byno Salsman filed a voluntary petition with this Court under chapter 7 of the Bankruptcy Code on October 23, 2022.

3

Department of Health.[8,9] Defendant was an owner of Ganj Science and held an ownership interest in Green Finger Farms.

In 2019, Defendant, through Ganj Science, cultivated medical marijuana plants on Plaintiffs' property.[10] In September, October, and November 2019, Defendant caused both Ganj Science and Green Finger Farms to file monthly reports online with OMMA, as required by state rule. These reports showed that Ganj Science harvested numerous marijuana plants, and that those plants were transferred to Green Finger Farms for drying. Defendant testified by deposition that he personally weighed and logged every harvested plant on a paper spreadsheet and then used the spreadsheet to prepare the OMMA reports for both companies.[11] Defendant has not produced these spreadsheets. Beyond the filing of the OMMA reports, Defendant did not maintain inventory records, transportation manifests, or other logs or recorded material relating to the planting, harvest, waste, sale, transfer, or other disposition of the cultivated marijuana plants.[12]

---

[8] OMMA was the agency created by the state of Oklahoma to oversee and propagate rules related to the "reasonable and orderly regulation of medical marijuana" after its legalization by passage of State Question 788. Okla. Admin. Code § 310:681-1-1 (2018). *See also* State Question 788, Initiative Petition No. 412, adopted at election held June 26, 2018 (codified at 63 O.S. § 420 *et seq.*).

[9] Okla. Admin. Code § 310:681-1-4 (2018) ("'Grower' or 'Commercial Grower' means an entity that has been licensed by the Department pursuant to Title 63 O.S. § 422, which allows the entity to grow, harvest, and package medical marijuana according to this Chapter for the purpose of selling medical marijuana to a dispensary, processor or researcher.").

[10] Ex. No. 8, ECF No. 28-8 at 1.

[11] Ex. No. 6, ECF No. 28-6 at 215-16.

[12] *See* Motion, ECF No. 28 at 5 ¶15; Ex. No. 8, ECF No. 28-8 at 9 ("INTERROGATORY NO. 9: Identify any and all Documents reflecting or relating to the inventory of cannabis or hemp crops on the Plaintiffs property at all times throughout the course of the Parties' Dealings as well as the inventory of such crop(s) that were harvested therefrom. RESPONSE TO INTERROGATORY NO. 9: Defendant did not take an inventory of the cannabis crop. Defendant did weigh the cannabis crop upon harvest and reported such numbers to OMMA per OMMA guidelines in effect at the time. Otherwise see all documents produced.").

**Discussion**

Section 727(a)(3) provides that

> The court shall grant the debtor a discharge, unless—
>
> . . . .
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.][13]

The Bankruptcy Code "imposes a positive duty on a debtor to keep and maintain books and records related to their financial affairs."[14] This Court has held that "[t]he decision as to whether the books and records provided are sufficient is to be made on a case-by-case basis, and is a matter left to the discretion of the bankruptcy court."[15] A party seeking to deny the debtor a discharge under § 727(a)(3) need not prove fraud or the intent to conceal assets in order to prevail.[16]

As noted by the Bankruptcy Court for the Northern District of Ohio:

> Whether a debtor fails to keep and preserve his financial information is a question of adequacy and reasonableness, and is ultimately one of quality, not quantity. It is ascertained on a case-by-case basis, with the pertinent inquiry being whether the financial information provides "enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Turoczy Bonding Company v. Strbac (In re Strbac)*, 235 B.R. 880, 882 (6th Cir. BAP 1999). Relevant considerations to make this determination may include a debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice. *Id.*[17]

---

[13] § 727(a)(3).
[14] *Peters v. Michael (In re Michael)*, 433 B.R. 214, 222 (Bankr. N.D. Ohio 2010) (citing *The Cadle Co. v. Hughes (In re Hughes)*, 354 B.R. 801, 809 (Bankr. N.D. Tex. 2006), *aff'd sub nom. Hughes v. Neary*, 386 B.R. 624 (N.D. Tex. 2008), *aff'd*, 309 Fed. Appx. 841 (5th Cir. 2009)).
[15] *Okla. DHS v. Bryan (In re Bryan)*, 612 B.R. 618, 625 (Bankr. N.D. Okla. 2020).
[16] *Solis v. Asif (In re Asif)*, 455 B.R. 768, 790 (Bankr. D. Kan. 2011).
[17] *In re Michael*, 433 B.R. at 222.

In this circuit, denial of discharge under § 727(a)(3) requires proof of the failure to maintain adequate records and proof that the failure makes it "*impossible* to ascertain [a debtor's] financial condition and *material business* transactions."[18] "The standard is an objective one. A debtor's records may be judged deficient under section 727(a)(3) even if the debtor did not intend to conceal financial information . . . or harbored an honest belief that he did not need to keep records[.]"[19]

The rules promulgated by the state of Oklahoma in the wake of the legalization of the medical marijuana industry are a bit of a moving target. Initial emergency rules were promulgated in August 2018.[20] Those rules were amended numerous times until they were ultimately revoked in 2022 and replaced by a separate set of nearly identical rules under the authority of OMMA as a stand-alone agency.[21] While it is difficult to identify the exact language of the rules governing Defendant's operations during the time when he was cultivating marijuana on Plaintiffs' property through Ganj Science and Green Finger Farms, we can draw some general conclusions from the evolution of those rules.

From its initial promulgation of rules related to the medical marijuana industry, OMMA imposed substantial record keeping and inventory requirements on all commercial participants, including growers.[22] These include business records and documentation of each sale or purchase of medical marijuana.[23] Such records were required to be preserved for at least seven years from

---

[18] *Gullickson v. Brown (In re Gullickson)*, 108 F.3d 1290, 1295 (10th Cir. 1997) (citation omitted).
[19] *Harrington v. Simmons (In re Simmons)*, 810 F.3d 852, 858 (1st Cir. 2016) (citing *State Bank of India v. Sethi (In re Sethi)*, 250 B.R. 831, 837 (Bankr. E.D.N.Y. 2000) and *Miller v. Pulos (In re Pulos)*, 168 B.R. 682, 692 (Bankr. D. Minn. 1994)).
[20] *See* 35 Okla. Reg. 659 (Aug. 15, 2018).
[21] *See* 2022 Okla. Sess. Laws 251; 40 Okla. Reg. 380 (effective Nov. 1, 2022 (emergency)); 40 Okla. Reg. 1037 (effective Aug. 11, 2023); now codified at Okla. Admin. Code § 442.
[22] *See e.g.*, 35 Okla. Reg. 659, 675 (Aug. 15, 2018).
[23] Examples of business records provided by the rule include: "manual or computerized records of assets and liabilities, monetary transactions, journals, ledgers, and supporting documents,

their creation.[24] In addition, each grower was required to maintain an electronic management system that documented the inventory of the licensee at every step in the chain, from receipt or growth to disposition.[25] What is notable about these rules is that they are quite detailed about the kinds of records and information a grower is expected to maintain; they are also *in addition* to the detailed monthly reports each licensee must file with OMMA reporting the actual product that passed through its hands.[26] While the rules evolved over the period Defendant's companies were in operation, the basic requirements of filing monthly reports, maintaining business records, and utilizing an inventory system have remained intact.[27]

In this case, Defendant was the owner and operator of two licensed growers, Ganj Science and Green Finger Farms, involved in the cultivation and processing of medical marijuana. By law, these licensed entities were required to maintain business records associated with their operation and track their inventory by keeping detailed records of the sale, transfer, and quantity of medical marijuana on hand. Defendant testified by deposition that he did not maintain any records beyond those he submitted to the OMMA in the form of electronic monthly reports. Under the promulgated

---

including agreements, checks, invoices, and vouchers[.]" *See* 35 Okla. Reg. 659, 675 (Aug. 15, 2018); Okla. Admin. Code § 310:681-5-6(b)(1) (2018).

[24] *See e.g.*, 35 Okla. Reg. 659, 675; Okla. Admin. Code § 310:681-5-6(b) (2018) (requiring business records and other specified documents to be retained for 7 years); Okla. Admin. Code § 310:681-5-6(b)(5) ("Except as otherwise specifically provided in Oklahoma law and this Chapter, all records shall be maintained for at least seven (7) years from the date of creation."), as adopted by 37 Okla. Reg. 168, 192 (Dec. 2, 2019).

[25] *See* 35 Okla. Reg. 659, 675 (Aug. 15, 2018); Okla. Admin. Code § 310:681-5-6(c) (2018).

[26] The monthly reports required by OMMA included a detailed accounting of the number and weight of any then growing or drying marijuana plants on hand, the receipt or sale of any such plants, and the amount of waste involved in the curing or processing the plants. *See* Okla. Admin. Code § 310:681-5-6(a) (Aug. 15, 2018).

[27] *Compare* 35 Okla. Reg. 659, 674 (2018) *with* 37 Okla. Reg. 168, 191 (2019) *and with* Okla. Admin. Code § 442:10-5-6 (2024).

state rules in effect during this period, those reports are but a small fraction of the kinds and quality of records Defendant's companies were expected to maintain.

The Court is not concerned with enforcing the record keeping requirements of the OMMA or Oklahoma state law. It references the applicable state rules to show that Defendant and his companies were held to a high standard of record keeping by the state because of the strictly regulated nature of the business of cultivation of medical marijuana. Therefore Defendant, as a person engaged in the business of growing or processing medical marijuana within the state of Oklahoma, will be held by this Court to a higher standard of record keeping than other small businesspersons. Beyond the monthly OMMA reports filed on behalf of Ganj Science and Green Finger Farms, it is undisputed that Defendant produced no business records of any kind that would assist creditors in ascertaining his financial condition or tracking his financial dealings.

Defendant's failure to keep any records beyond the minimal monthly reports filed with the OMMA make it impossible for his creditors or this Court to understand the financial operation or condition of his business dealings. While the standards for keeping and maintaining records under § 727(a)(3) are fact and case dependent, Defendant's efforts in this case fall woefully below any reasonable standard for the Court to apply. He is not entitled to a discharge.

The Motion is granted. Debtor shall be denied a discharge in Case No. 22-11007-M. A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.[28]

Dated this 20th day of June, 2024.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[28] Denial of the Debtor's discharge renders moot any issue regarding the dischargeability of a particular debt under § 523; therefore, the Court need not consider the counts under § 523 raised in the Plaintiff's Complaint.